UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-091-DCR |
| V. | ) | |
| TRACEY M. THOMAS, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Tracey Thomas pleaded guilty on May 15, 2017, to conspiring to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(l) and 21 U.S.C. § 846. [Record No. 67] Thomas was sentenced on August 31, 2017, to a term of one hundred forty-four months incarceration, to be followed by eight years of supervised release. [Record No. 91] He has now filed a motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure based on a claim that the judgment does not credit 153 days of time served in state and federal custody prior to serving his sentence in this case. [Record No. 145]

The Court has already denied Thomas' recent motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. [Record No. 143] The pending motion does not appear to request reconsideration of the judgment relating to that matter [Record No. 144], as the § 2255 motion only asserted ineffective assistance of counsel claims unrelated to time served credits. [Record No. 132] Instead, it appears to request amendment of the initial August 31, 2017 judgment. [Record No. 91]

While courts have entertained motions to amend criminal judgments filed by *pro se* defendants who cite Rule 59(e), they enforce the rule's requirement that such motions be brought no later than 28 days after the entry of judgment. *E.g.*, *United States v. Holland*, No. 6:05-030-DCR, 2016 WL 1047929, at *1 (E.D. Ky. Mar. 15, 2016). More than 28 days have passed since the entry of the initial judgment in this case. Accordingly, a Rule 59(e) motion is an inappropriate avenue to request relief.

Further, "it is the Attorney General through the Bureau of Prisons and not the district court that has the authority to grant [time served] credit" under 18 U.S.C. § 3585(b). *United States v. Chase*, 104 F. App'x 561, 562 (6th Cir. 2004) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)). "A prisoner may seek administrative review of the computation of this credit . . . and, when he has exhausted his administrative remedies, may then seek judicial relief pursuant to 28 U.S.C. § 2241." *United States v. Smith*, 145 F.3d 1334 (Table), No. 97-3032, 1998 WL 246404, at *1 (6th Cir. 1998) (citing *Wilson*, 503 U.S. at 335; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)). When a prisoner has failed to exhaust administrative remedies, a court lacks jurisdiction to consider a prisoner's claim for sentence credit. *Id.* (citing *Wilson,* 503 U.S. at 333; *United States v. Westmoreland,* 974 F.2d 736, 737 (6th Cir.1992)).

In summary, Thomas cannot use the Federal Rules of Civil Procedure to amend his criminal judgment. Regardless, the Court lacks jurisdiction over this motion because there is no indication that he has exhausted administrative remedies. Accordingly, it is hereby

**ORDERED** that Defendant Thomas' motion to amend the judgment [Record No. 145] is **DENIED**.

Dated: January 8, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky