UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 16-091-DCR-2 |
| ) | |
| V. ) | |
| ) | |
| TRACEY M. THOMAS, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Tracey Thomas has returned to the Court once again seeking a reduction of his sentence. [Record No. 175]  In addition to raising issues previously addressed and rejected by the Court[1], Thomas seems to argue that he is eligible for a sentence reduction because a state court sentence used to enhance his criminal history score was "discharged" by the Commonwealth of Kentucky on February 1, 2017. [*See* Record No. 175-1.]

As background, the Court again notes that Thomas entered a guilty plea to Count 1 of a superseding indictment charging him with conspiring to distribute crack cocaine during the period June 2016 through July 22, 2016.  [Record Nos. 45 and 68]  At the time of this criminal conduct, he was subject to a state sentence imposed by the Bourbon Circuit Court on November 13, 2007.  On August 18, 2016, an affidavit to revoke his state probation was filed and an accompanying bench warrant was issued.  That warrant was later served on September

---

[1] Thomas cites *United States v. Winters*, 986 F.3d 942 (5th Cir. 2021), in support of his argument under the First Step Act.  However, the undersigned addressed and rejected this argument on May 3, 2022.  [Record No. 155]

- 1 -

12, 2016, with probation being revoked on February 27, 2017.[2]  Based on the United States Sentencing Guidelines in effect at the time of Thomas' sentence hearing in this case, he was assessed three criminal history points for the underlying state conviction. [Record No. 94, ¶ 43] With the additional points assessed for his other criminal convictions, Thomas had a total of 14 criminal history points, plus two recency points because he was under a state criminal justice sentence at the time his federal offense occurred (i.e., during June-July 22, 2016). [Record Nos. 49-51]

Under recent amendments to the United States Sentencing Guidelines, defendants with seven or more criminal history points who commit an offense of conviction while under a criminal justice sentence (including probation, parole or supervised release) receive only one additional recency point.  Thus, even if Thomas were sentenced today, his Criminal History Category would not change.  Then and now, defendants with 13 or more criminal history points are placed in Criminal History Category VI for purposes of calculating a guideline range for a period of incarceration.  And if Thomas had received only one recency point for the conviction reflected in paragraph 43 of his Presentence Investigation Report, he nevertheless would have received a total of 15 criminal history points.  In short, Amendment 821 to United States Sentencing Guideline § 4A1.1 (effective Nov. 1, 2023) is of no benefit to Thomas. Accordingly, it is hereby

---

[2] The document attached to Thomas' current motion indicates that, after he was arrested for the probation violation, he was sentenced to 12 months in jail for that violation with credit beginning September 12, 2016.  Clearly, according to the defendant's documentation, he was subject to a state criminal justice sentence (i.e., probation) at the time he committed the offense charged in Count 1 of the Superseding Indictment.

**ORDERED** that Defendant Thomas' Motion for Reduction of Sentence Pursuant to the First Step Act and his accompaying request for appointment of counsel are **DENIED**.

Dated: May 27, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky